[812 NYS2d 623]

In the Matter of HOWARD SHMARUK (Admitted as HOWARD CHARLES SHMARUK), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 28, 2006

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Fredda Fixler-Fuchs* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

By letter dated August 8, 2005, the respondent's counsel, Richard E. Grayson, provided the Court with a certified copy of the sentence and commitment from the Rockland County Clerk, entered August 2, 2005, regarding the respondent's conviction for driving while intoxicated as a felony, in violation of Vehicle and Traffic Law § 1192 (2).

The respondent was previously convicted of the crime of driving while intoxicated as a misdemeanor, in violation of Vehicle and Traffic Law § 1192 (3), in the Town of Ramapo Justice Court on February 25, 1999. That conviction resulted in the issuance of a letter of caution by the Grievance Committee for the Ninth Judicial District on December 28, 2000.

The respondent was charged under indictment No. 2004-00086 with two counts of driving while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192 (2) and (3) and § 1193 (1) (c) (i). It was charged that on or about October 2, 2003, the respondent operated a motor vehicle in an intoxicated condition, as evinced by his physical condition and operation of the vehicle. It was further charged that the respondent had .08 of one per centum or more by weight of alcohol in his blood at the time, as shown by a chemical analysis of his breath.

The respondent pleaded guilty to the felony charges on August 18, 2004, in the County Court, Rockland County, before the Honorable Kenneth Resnik. He was sentenced on or about June 23, 2005, to a term of probation of five years, 30 days community service, a fine in the sum of $1,000, a mandatory surcharge in the sum of $200, a victim's assistance fee in the sum of $10, and revocation of his driver's license for one year.

Judiciary Law § 90 (4) mandates that an attorney's name be stricken from the roll of attorneys upon his or her conviction of a New York State felony. Accordingly, the Grievance Committee's motion is granted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

The respondent's request that the Court direct him to complete a monitoring program under the supervision of the New York State Bar Association Lawyer Assistance Program in lieu of disbarment, pursuant to 22 NYCRR 691.4 (m), is denied.

Inasmuch as there are no ongoing investigations, pending charges, or disciplinary proceedings, the respondent's conten-

tions regarding the appropriateness of a diversionary program are unavailing.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and CRANE, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Howard Shmaruk, admitted as Howard Charles Shmaruk, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Howard Shmaruk, admitted as Howard Charles Shmaruk, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Howard Shmaruk, admitted as Howard Charles Shmaruk, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Howard Shmaruk, admitted as Howard Charles Shmaruk, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).